**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

October 13, 2023

Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Civil Action No. 1:23-cv-05748-DG-RER - *Frank Siragusa et al. v. Taco Bell Corp.*

Dear Judge Gujarati:

Pursuant to the Court's Individual Practices Rule 3A, we write on behalf of defendant Taco Bell Corp. ("Taco Bell") to request a pre-motion conference for a motion to dismiss.

Plaintiffs Frank Siragusa, Kruti Bhatt ("Bhatt"), Lenore Dudick, and Anthony Dudick (collectively, the "Plaintiffs") in their First Amended Complaint (the "Amended Complaint") allege that certain images in Taco Bell's online, in-store, and menu advertisements deceive a reasonable consumer to believe that Taco Bell's Crunchwrap Supreme®, Grande Crunchwrap®, Vegan Crunchwrap®, Mexican Pizza, and/or Veggie Mexican Pizza (the "Products") contain "at least double the amount" of beef and/or other ingredients actually contained in the Products.  (ECF No. 7, ¶¶ 8-9.) Plaintiffs bring claims on behalf of a putative New York class under GBL §§ 349-350.

The Amended Complaint should be dismissed in its entirety because Plaintiffs fail to meet their burden to allege facts showing that a reasonable consumer would be misled by the advertising.

To state a claim under GBL §§ 349-350, Plaintiffs must allege that Taco Bell "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). To satisfy the materially misleading element, Plaintiffs "must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."  *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 704 (2d Cir. 2020).  In "determining whether a reasonable consumer would be misled by a particular advertisement, context is crucial." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) (affirming lower court's dismissal of GBL §§ 349 and 350 claims).

Here, Plaintiffs' conclusory assertions that the advertising photographs "overstate" the amount of beef and/or ingredients contained in the Products belie common sense and ignore consumer understanding in the context of a quick service restaurant.  *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 193 (E.D.N.Y. 2018) ("A reasonable consumer does not lack common sense"); *see also Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018) ("Think, for instance, of the reasonable consumer at the fast-food drive-through.  Does he expect that the hamburger he receives at the window will look just like the one pictured on the menu? Of course not.").

In *Chimienti v. Wendy's Int'l, LLC*, a court in this district recently dismissed nearly identical GBL claims brought by the same counsel.  No. 22-CV-02880 (HG), 2023 U.S. Dist. LEXIS 176535 (E.D.N.Y. Sep. 30, 2023).  In *Chimienti*, the plaintiffs alleged that photographs advertising several Wendy's and McDonald's hamburgers overstated the amount of certain toppings in the products.  *Id.* at *2, 17.  Rejecting this alleged interpretation of the photographs, the court found that, *inter alia,* in the absence of any specific representations regarding the "quantity of any ingredient" in the products, advertisements do "not become misleading simply because

**SheppardMullin**

Hon. Diane Gujarati
October 13, 2023
Page 2

Defendants' actual products may contain less than Plaintiff's 'personally preferred amount' of toppings."  *Chimienti*, 2023 U.S. Dist. LEXIS 176535, at *18.¹

Here, as in *Chimienti*, Plaintiffs do not (and cannot) allege that the photographs make any quantifiable representations regarding the amount of the ingredients in the Products.  (*Id.*)  Plaintiffs' Amended Complaint includes images of the Products taken from online advertising – which they allege are identical to in-store advertisements.  (*See* ECF No. 7, ¶¶ 3-7, f.n. 1-5.)  Based on these images, Plaintiffs assert that they and putative class members received "at a minimum, 50% less than the amount of beef and ingredients that were advertised."  (ECF No. 7, ¶¶ 64, 76.)  But Plaintiffs' allegations beg the question: 50% of what amount?

None of the images in the Amended Complaint contain any specific (or clearly illustrated) amounts of beef and/or other challenged ingredients.  Moreover, as illustrated in the photographs, only a portion of the disputed ingredients are even visible in each of the challenged images.  Thus, it would be impossible to quantify what amount of ingredients are allegedly being represented by the photographs.  As such, Plaintiffs include no plausible allegations or objective metric as to how much of any ingredient a consumer reasonably expected based on the photographs.  In the absence of such quantifiable representations, Plaintiffs' subjective beliefs regarding the amount of the ingredients that should be in the Products are alone insufficient to state a claim.  *Chimienti*, 2023 U.S. Dist. LEXIS 176535, at *18; *see also Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 154 (S.D.N.Y. 2022) (finding "subjective, non-specific, unmeasurable, and vague statement[s]" are non-actionable puffery under GBL).

Further, as in *Chimienti*, Plaintiffs never allege that they "failed altogether to receive any particular topping that was depicted in one of Defendants' advertisements."  2023 U.S. Dist. LEXIS 176535, at *18-19.  Put simply, the Products purchased by Plaintiffs contained all of the ingredients advertised.  As such, Plaintiffs' "apparent dissatisfaction with the amount of each [ingredient] fails to state a claim."  *Id.*; *see also Harris v. Mondelez Glob. LLC,* No. 19-cv-2249 (ERK) (RER), 2020 U.S. Dist. LEXIS 133715, at *7 (E.D.N.Y. July 28, 2020*)* (dismissing GBL claim challenging cookies "[m]ade [w]ith [r]eal [c]ocoa" when the cookies "indisputably d[id] contain cocoa").

Plaintiffs' claims also fail for several additional and independent reasons, including:

- As to the online images, Plaintiffs omit that Taco Bell's website also include clear links to the Nutrition Facts which reiterates the common sense conclusion that "variation [of portion] can be expected due to seasonal influences, minor differences in product assembly per restaurant and other factors."²  A reasonable consumer would not ignore this context.  *See Chimienti*, 2023 U.S. Dist. LEXIS 176535, at *16.

---

¹ Plaintiffs may attempt to argue that a Florida District court reached a different result on certain "overstated" claims in *Coleman v. Burger King Corp.*, No. 22-cv-20925, 2023 U.S. Dist. LEXIS 149735 (S.D. Fla. Aug. 23, 2023).  However, in that case, the motion to dismiss was granted in part and denied in part and the court's order: (i) dismissed consumer protection claims under all fifty state laws on other grounds, (ii) did not directly address the reasonable consumer standard under the GBL (or any other states' consumer protection statute), and (iii) the plaintiffs have since filed a second amended complaint.

² This language is next to the Nutrition Facts panel for each of the Products on Taco Bell's website, and is available at https://www.nutritionix.com/taco-bell/disclaimer.  Taco Bell will request that the Court take judicial notice of the full advertisements and web pages cited in the Amended Complaint.  *Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021).

**SheppardMullin**

Hon. Diane Gujarati
October 13, 2023
Page 3

- Despite challenging five different products, none of the Plaintiffs allege that they purchased the Grande Crunchwrap®, Vegan Crunchwrap®, or Veggie Mexican Pizza. (*See* ECF No. 7, ¶¶ 19, 23, 26, 29.)  The advertisements relating to these products are distinct from those purchased by the Plaintiffs and they lack Article III standing to assert claims as to these unpurchased products. *See DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014).

- Plaintiffs lack standing to bring claims for injunctive relief because they are all now aware of the alleged practices giving rise to their claims.  *See* e.g., *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 338 (E.D.N.Y. 2018).

- Although "[r]eliance is not an element of a claim under General Business Law § 349," Plaintiffs must still allege that Taco Bell's purportedly misleading practice caused their injury. *Gale v. IBM*, 9 A.D.3d 446, 781 N.Y.S.2d 45, 46-47 (2d Dep't 2004).  Here, Plaintiffs Bhatt and Anthony Dudick fail to allege that they ever saw the advertisements before making their purchases.  (*See* ECF No. 7, ¶¶ 23-24, 29-30.)  That these Plaintiffs "expected" the ingredient amounts to be more does not satisfy their burden to plead that they actually saw them, and their claims should be dismissed.  *See Chimienti*, 2023 U.S. Dist. LEXIS 176535, at *10, f.n. 2 (collecting cases).

- The Dudicks' claims are further deficient because they fail to allege a cognizable injury. These Plaintiffs admit that they received a <u>full refund</u> of the purchase price of the Crunchwrap Supreme® products about which they complain. (*See* ECF No. 7, ¶¶ 29, 36.)  In the absence of any actual harm, the Dudicks cannot establish injury under the GBL as to the refunded purchases of the Crunchwrap Supremes. *Martelli v. Rite Aid Corp.*, No. 21-CV-10079 (PMH), 2023 U.S. Dist. LEXIS 26877, at *7 (S.D.N.Y. Feb. 16, 2023).

For the foregoing reasons, Taco Bell respectfully requests that the Court grant Taco Bell a pre-motion conference for a motion to dismiss.

Respectfully submitted,

/s/ Paul W. Garrity

Paul W. Garrity
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
*Attorneys for Defendant Taco Bell Corp.*

cc:  All Counsel of Record via ECF

SMRH:4860-7798-3364.5